**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2331

_____

ASHOK GURUNG

                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(No.: A206-023-467)
Immigration Judge: R.K. Malloy

_____

Submitted under Third Circuit LAR 34.1(a)
on February 4, 2020

Before:  SHWARTZ, SCIRICA and RENDELL, <u>Circuit Judges</u>

**RENDELL**, *Circuit Judge*:

Petitioner Ashok Gurung, a native and citizen of Nepal, seeks review of an order

of the Board of Immigration Appeals (BIA) denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture (CAT).

For the following reasons, we will deny the petition for review.

## I. FACTUAL BACKGROUND

Gurung entered the United States unlawfully in 2013 and the Department of

Homeland Security (DHS) commenced removal proceedings against him under 8 U.S.C.

§ 1182(a)(7)(A)(i)(I). Gurung conceded removability and applied for asylum,

withholding of removal, and relief under CAT. In support of his applications, Gurung

claimed a fear of returning to Nepal because he is at risk of being harmed by Nepali

Maoists.

At his removal hearing before the Immigration Judge (IJ), Gurung testified in

support of his applications for relief as follows: Gurung worked as a volunteer for the

Nepali Congress Party, which included campaigning and distributing informational

pamphlets. As a result, he became the target of a rival political party, the Maoists.

Maoist members sent him threatening letters, which demanded that he join the Maoists or

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

suffer harm.  On one occasion, Maoist members violently attacked him in his home.  To avoid such threats and violence, Gurung fled to Pokhara, Nepal to stay with family, returning to his home village after six months.  He left again for Pokhara after two or three months because Maoists returned to his home and threatened his parents.  Gurung ultimately fled Nepal after a few more months in Pokhara, when he saw Maoists and once again felt unsafe.  He arrived in the United States in 2013.

To support his applications, Gurung submitted, among other things, an affidavit recounting the Maoist attack, threatening letters allegedly sent from the Maoist party, and medical records related to the attack.  The IJ also heard testimony from an expert, Dr. Paran Niraula, who has a background in policy, education management, and leadership.  Dr. Niraula testified that the political situation in Nepal is unstable and that Maoists in the country have targeted low-level grassroots party workers.

## II.    DECISIONS FROM THE IJ AND BIA

The IJ issued a decision and order denying Gurung's applications, providing several reasons for the denial.  First, the IJ concluded that Gurung's testimony was not credible.  The IJ based this adverse credibility determination on several discrepancies between Gurung's testimony and other evidence, including his affidavit and medical records.  The IJ also gave the supporting documents and expert testimony little to no evidentiary weight.  Alternatively, even assuming Gurung's testimony was credible, the IJ concluded that Gurung still would not be entitled to relief because Gurung could reasonably be expected relocate to a different part of Nepal.  The IJ noted that Gurung had already relocated to Pokhara temporarily and lived with relatives without

3

experiencing any threats or harm. Thus, the IJ ruled that Gurung was ineligible for asylum relief because he had not established a "well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A).

The IJ also denied Gurung's applications for withholding of removal and CAT relief. The IJ concluded that because Gurung failed to establish eligibility under asylum, he necessarily failed to establish eligibility for withholding of removal, which has a higher burden of proof.[1] The IJ also concluded that Gurung failed to establish eligibility for CAT relief because he had not established that he would more likely than not experience torture if he returned to Nepal, nor had he shown that the Nepali government would be willfully blind to, and therefore acquiescent in, any future torture inflicted on Gurung by the Maoist party.

The BIA issued a decision and order which affirmed the IJ's ruling and dismissed Gurung's appeal. Specifically, the BIA (1) ruled that the IJ's adverse credibility finding was not clearly erroneous, (2) affirmed the IJ's determination that Gurung could avoid future persecution by relocating within Nepal,[2] and (3) concluded that the IJ did not err in

---

[1] In order to qualify for withholding of removal, a petitioner must establish that it is "more likely than not" that he would suffer persecution. *Valdiviezo-Galdamez v. Att'y Gen. of U.S.*, 663 F.3d 582, 591 (3d Cir. 2011).

[2] The BIA noted that Gurung waived the relocation issue because, while he challenged the IJ's relocation determination in his Notice of Appeal, his brief did not address this issue or explain why the IJ's determination was erroneous. We have held, however, that "regulation § 1003.3(c) is devoid of any instruction regarding what the brief must contain." *Hoxha v. Holder*, 559 F.3d 157, 163 (3d Cir. 2009). Indeed, "[t]here is nothing that demands that the brief reiterate the issues initially identified in the notice of appeal in order to preserve a right to judicial review if the appellant is unsuccessful before the

4

determining that Gurung failed to establish that he would more likely than not be tortured if he returned to Nepal. Gurung then petitioned for review.

## III. JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's factual findings, including adverse credibility determinations, for substantial evidence. *Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005). Accordingly, we will uphold factual conclusions "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the IJ's findings under the same standard to the extent "the BIA directs us to the [IJ's] opinion and decision." *Yusupov v. Att'y Gen.*, 650 F.3d 968, 977 (3d Cir. 2011) (citation omitted). The IJ may assess an applicant's credibility based on "the totality of circumstances, and all relevant factors," including "any inaccuracies or falsehoods in [the applicant's written and oral] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1229a(c)(4)(C).

Gurung challenges the denial of his applications for asylum, withholding of removal, and protection under CAT. We will address each claim in turn.

---

BIA." *Id.* We will therefore consider this issue in our discussion below.

## IV. ANALYSIS

### A. Asylum

To be eligible for asylum relief, a petitioner must establish that he has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Camara v. Att'y Gen.*, 580 F.3d 196, 202 (3d Cir. 2009) (citation omitted). An applicant who has proved past persecution is entitled to a rebuttable presumption that he has a well-founded fear of persecution; however relief will not be granted if the government is able to rebut that presumption by showing that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(B).

Gurung argues that the IJ's adverse credibility determination is not supported by substantial evidence and the record shows that he will be subjected to country-wide persecution if he were to return to Nepal. The IJ noted several discrepancies between Gurung's testimony and other supporting evidence. These discrepancies concerned: the number of Maoists who attacked him, whether his attackers carried a knife, whether his parents witnessed the attack, the timing of the attack, and the reason why the police denied him aid. Citing to these inconsistencies, the IJ ultimately found that Gurung's testimony was not credible based on the totality of the evidence. The IJ also determined that the threatening letters Gurung allegedly received from the Maoists were fabricated to

6

support his application.[3]  The IJ also gave Dr. Niraula's testimony limited weight because he "does not have special training in Nepalese politics."  IJ Op. 5.

Based on these inconsistencies and lack of supporting evidence, the IJ concluded that Gurung failed to demonstrate the well-founded fear of persecution required for an asylum claim.  Given our highly deferential standard of review, we cannot conclude that either the IJ's credibility determination, or the IJ's ultimate determination that Gurung failed to meet his burden of proof, lacks support in the record.

Alternatively, the IJ ruled that, even assuming Gurung had experienced past persecution, DHS successfully rebutted the presumption that Gurung had a well-founded fear of persecution.  The IJ ruled that Gurung could relocate within Nepal, which he did prior to his arrival in the United States.  The IJ pointed out that Gurung did not experience any threats or harm while living with his family in Pokhara.  The IJ also noted that the Maoists who attacked him did not appear to be working in concert with a larger party structure, and accordingly, it would be reasonable for him to relocate safely within Nepal.  This evidence—along with evidence that the attack on Gurung was "highly localized and rare"—supports the IJ's conclusion that Gurung could reasonably relocate within Nepal.  *Id*.

Accordingly, we find that Gurung's challenge to the BIA's denial of his asylum claim lacks merit.

---

[3] The IJ noted that the letters: (1) suspiciously stated the exact date and time of the Maoist attack; (2) included specific information that the Maoists would unlikely be aware of; and (3) were allegedly written by the main Maoist group in Nepal, which would be unlikely to carry out attacks against individuals.

**B.      Withholding of Removal**

To qualify for withholding of removal, a petitioner must establish a "clear probability of persecution," meaning that it is "more likely than not" that he would suffer persecution. *Valdiviezo-Galdamez*, 663 F.3d at 591. Because Gurung cannot meet the well-founded fear of persecution standard for asylum, it necessarily follows that he cannot meet the more stringent standard for withholding of removal. *See Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004) ("An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for asylum, necessarily will fail to establish the right to withholding of removal.").

**C.      CAT Protection**

To obtain CAT relief, Gurung must show that it is "more likely than not" that he would be tortured if removed to Nepal. *Kibinda v. Att'y Gen.*, 477 F.3d 113, 123 (3d Cir. 2007). Under CAT, torture "is an extreme form of cruel and inhuman treatment" that is inflicted by or "with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1), (2).

The IJ determined that Gurung did not suffer past torture within the meaning of the regulations. The IJ also ruled that Gurung could escape future torture by relocating within Nepal and noted that he had "successfully evaded his would-be torturers for over a year" while living in Nepal. IJ. Op. at 15. Furthermore, the IJ noted that Gurung presented no evidence that the Nepali government acquiesces in Maoist torture of its civilians. Thus, we conclude that the IJ's determination is supported by substantial evidence and will uphold the BIA's denial of Gurung's request for relief under CAT.

## V. CONCLUSION

For the foregoing reasons, we will deny Gurung's petition for review.